IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN FELIX GREER, # 15966-076                          PETITIONER

VS.                                            CIVIL ACTION NO. 3:20-cv-188-CWR-FKB

WARDEN, FCI YAZOO CITY LOW                       RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action filed pursuant to 28 U.S.C. § 2241 and brought by federal prisoner John Felix Greer, who is incarcerated at the Yazoo City Federal Correctional Complex.[1] Petitioner challenges his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons set forth below, the undersigned recommends that the petition be dismissed.

I.     PROCEDURAL HISTORY

Greer was convicted by a jury in the United States District Court for the Western District of Tennessee of interfering with commerce by threats or violence, 18 U.S.C. § 1951; carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and being a felon in possession of a firearm, 18 U.S.C. § 922(g). *United States v. Greer*, 239 F. App'x 169, 170-171 (6th Cir. 2007). The district court sentenced Greer to a term of imprisonment of 324 months. *See United States v. Greer*, No. 2:04-cr-20009 (W.D. Tenn. 2006) (Dkt. No. 111, Judgment).[2] Greer's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit. *Greer*, 239 F. App'x at 173.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373-374; *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2722-2723 (2004).

[2] The Court observes that this sentence was to be served consecutively to the 36-month term of imprisonment imposed in *United States v. Greer*, No. 2:97-cr-20074, resulting from revocation of Greer's five-year term of supervised release. *Greer v. Masters*, No. 1:15-cv-11735, 2016 WL 1103949, at *1 (S.D. W. Va. Feb. 29, 2016).

Since that time, Greer has mounted several collateral challenges to his convictions. He filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. *See Greer v. United States*, No. 2:08-cv-2525 (W.D. Tenn. Jan. 5, 2009). Greer's request to file a second or successive motion to vacate was denied by the United States Court of Appeals for the Sixth Circuit. *See In Re Greer*, No. 16-6038 (6th Cir. May 19, 2017)(request premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

Greer has filed several § 2241 petitions, all of which were dismissed by the courts or voluntarily dismissed by him. *See Greer v. Marberry*, No. 2:09-cv-0143 (S.D. Ind. 2009)(dismissed for lack of jurisdiction); *Greer v. Hogsten*, No. 1:12-cv-1355, 2013 WL 1309917 (S.D. W.Va. Mar. 28, 2013)(dismissed for lack of jurisdiction because it attacked the validity of his conviction; voluntarily dismissed on appeal). Greer filed two § 2241 petitions alleging due process violations in the calculations of his sentence, which were denied. *See Greer v. Masters*, No. 1:15-cv-11735, 2016 WL 9110166 (S.D. W.Va. Aug. 1, 2016), *aff'd*, 675 F. App'x 393 (4th Cir. 2017); *Greer v. Shults*, No. 3:17-cv-755-DPJ-FKB, 2017 WL 8788422 (S.D. Miss. Nov. 15, 2017)(dismissed as abuse of the writ for being duplicative of *Greer v. Masters*), *aff'd*, 741 F. App'x 254 (5th Cir. 2018)(appeal dismissed as frivolous).

Greer has filed other challenges to his convictions that were dismissed. *See Greer v. United States*, No. 2:14-cv-2723 (W.D. Tenn. 2016)(arguing that his indictment and prosecution exceeded the authority of the Department of Justice pursuant to 5 U.S.C. § 702 of the

---

This five-year term of supervised release followed a 78-month term of imprisonment imposed on Greer for his guilty plea on the charge of bank robbery by force or violence, in violation of 28 U.S.C. §§ 2113(a) and (d), in the Western District of Tennessee. *Id.* The revocation was prompted by Greer's arrest on state charges related to his robbery of a women's clothing store in Memphis, Tennessee, on October 24, 2003. These events provided the basis for his subsequent indictment on the federal charges at issue in this proceeding. *See United States v. Greer*, 239 F. App'x 169, 170-171 (6th Cir. 2007); *see also Greer,* No. 2:97-cr-20074, Dkt. No. 36 (Petition on Probation and Supervised Release).

Administrative Procedure Act; dismissed on appeal for failure to prosecute); *United States v. Greer*, No. 2:04-cr-20009 (W.D. Tenn. 2015)(dismissing his claims that his conviction was a result of a fraud on the court)(Dkt. No. 135), *aff'd*, No. 15-5312 (6th Cir. Nov. 12, 2015)(dismissing the appeal as "wholly without merit" and "frivolous").

II.     DISCUSSION

In his current § 2241 petition, Greer argues that he is entitled to relief from his conviction based on *Rehaif*, 139 S. Ct. at 2191, because he was convicted of a non-existent offense under 18 U.S.C. § 922(g)(1). He asserts that he can proceed in this Court based on the Fifth Circuit's "savings clause" jurisprudence. [17] at 9-10. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* he must have known both that he possessed a firearm and that he had belonged to the relevant category of persons prohibited from doing so. 139 S.Ct. at 2200. Thus, Greer contends that his constitutional rights were violated because the indictment failed to allege all of the elements of the offense charged, including the "knowledge of status" element. *See* [17] at 16-18, 22-23, 26.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is

inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904.

Since Greer filed his petition, the Fifth Circuit has clarified *Rehaif*'s application to § 2241 petitions. *See Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021); *see also Montgomery v. Hendrix*, No. 21-60643, 2022 WL 1117694 (5th Cir. Apr. 14, 2022)(affirming, based on *Abram*, this court's denial of a § 2241 petition brought pursuant to *Rehaif*). In *Abram*, the Fifth Circuit concluded that "[f]or a prisoner to show that he may have been convicted of a nonexistent offense, he (1) must assert that he did not violate the new requirement imposed by the intervening Supreme Court precedent and (2) must provide some evidence or argument backing that up." *Abram*, 3 F.4th at 785-786 (citation omitted). In addition, the Fifth Circuit noted that "those two requirements are particularly important in the *Rehaif* context because '[c]onvicted felons typically know they're convicted felons.'" *Id.* at 786 (alteration in original)(quoting *Greer v. United States*, 141 S. Ct. 2090, 2098-2099 (2021)). Moreover, when the petitioner fails to meet the third factor of *Reyes-Requena*, the court need not address whether petitioner carries his burden on the first two factors. *Id.* at 758 n.2.

As in *Abram*, Greer fails on both requirements needed to show that he was convicted of a non-existent offense. Petitioner has failed to contend that he lacked knowledge of his felon status. *See also Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)(per curiam)(rejecting a prisoner's actual-innocence argument – on the third prong of the savings-clause analysis –

"[b]ecause [he] [did] not argue that he was unaware of his [] status . . . ."). Instead, Greer simply argues that the government failed to prove that he knew that he had been convicted of a felony.[3] And "[w]here a prisoner seeks relief under *Rehaif* but fails to 'argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under §2255(e)'s savings clause.'" *Abram*, 3 F.4th at 786 (quoting *Palmer*, 844 F. App'x at 769). Moreover, Greer has failed to "provide some evidence or argument backing" up his claim that he is "actually innocent" of his convictions of being a felon in possession of a firearm, "namely, whether he knew that he was a felon at the time he possessed [the] firearm[s]." *Montgomery*, 2022 WL 117694, at 2. Accordingly, Greer has failed to show that he meets the third prong of *Reyes-Requena*, and, thus, he fails to meet the savings clause exception of § 2255.

III. <u>CONCLUSION</u>

Because Greer cannot proceed under §2255(e), the undersigned concludes that this Court is without jurisdiction to consider the petition. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[4] with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

---

[3] As stated *supra* at note 2, Greer had previously been convicted of bank robbery by force or violence, in violation of 28 U.S.C. §§ 2113(a) and (d), in the Western District of Tennessee and sentenced to a 78-month term of imprisonment. Respondent also asserts that Greer pleaded guilty to the felony charge of armed robbery in the Circuit Court of Holmes County, Mississippi on October 21, 1987, for which he was sentenced to a term of ten years, with five years suspended, in the custody of the Mississippi Department of Corrections. *See* [12-1] at 5-6.
[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  Respectfully submitted, this the 1st day of December, 2022.

                /s/ F. Keith Ball        .
                UNITED STATES MAGISTRATE JUDGE